**FILED**
CLERK, U.S. DISTRICT COURT

9/19/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____asi_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>ANGEL GONZALEZ,<br><br>             Defendant. | CR   2:25-cr-00774-HDV<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about August 5, 2022, in Los Angeles County, within the Central District of California, defendant ANGEL GONZALEZ knowingly possessed a firearm, namely, a Smith & Wesson model SD9VE, 9mm Luger caliber pistol, bearing serial number FDL8412, in and affecting interstate and foreign commerce.

Defendant GONZALEZ possessed such firearm knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Reckless Evading of a Peace Officer, in violation of California Vehicle Code Section 2800.2, in

the Superior Court for the State of California, County of Los Angeles, Case Number KA118880, on or about January 23, 2019.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

3

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

FOR

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW TANG
Assistant United States Attorney
General Crimes Section

4